{¶ 32} I wholly concur with the majority's opinion. Appellee failed to introduce any evidence of a pre-existing condition. Thus, she was not entitled to participate in the workers' compensation system to receive death benefits due to a work-related acceleration of a pre-existing condition. The reason I write separately is to further explain why our opinion concentrates on a theory of pre-existing condition rather than a theory of direct causation.
 {¶ 33} Appellee introduced evidence which could show that the decedent may have died as a result of complications from the steroids given to him to treat his work-related injuries. Appellee could have recovered either by showing a direct connection between the decedent's injuries and his death or by showing that the injuries accelerated a pre-existing condition. Appellee chose to pursue the pre-existing condition theory rather than a direct connection theory. Accordingly, we have devoted most of our opinion addressing whether there was evidence of a pre-existing condition.
 {¶ 34} Of course, Appellee's failure to prove a pre-existing condition leads one to wonder why she did not pursue the alternative theory and whether evidence supporting that theory is present in this case. However, Appellee did not try to establish this theory at the trial court level and the evidence currently in the record is insufficient to support judgment based on that theory. For example, even if we accept the allegation that the steroids caused his death, there is no evidence that the use of steroids was the only or best way of treating the decedent's chronic pain.
 {¶ 35} Our decision to focus our discussion on the existence of a pre-existing condition is a result of the way Appellee framed the issues. She chose not to pursue that alternate legal theory, so we see no need to explain in detail why that theory does not support the trial court's judgment.